# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**
      **Plaintiff,**

    v.                                       Case No. 98-CR-104

**JERRY GUZMAN**,
      **Defendant.**

## ORDER

Defendant Jerry Guzman has filed a "Motion for Sentence Adjustment," in which he seeks a downward departure of 30 months for time he spent in federal pre-trial custody. Defendant was, at the time he faced federal prosecution in this case, serving a 15 year state sentence for first degree reckless injury, and he appeared in this court pursuant to a writ of habeas corpus ad prosequendum. On January 12, 2001, I sentenced defendant to 60 months in prison consecutive to the state sentence. Defendant indicates that he discharged from the state sentence in December 2007, and he now seeks "credit" against his federal sentence for the 30 months he spent in federal custody pursuant to the writ.

I dismiss the motion for lack of jurisdiction. District courts lack authority to alter criminal sentences years after their imposition. See United States v. Romandine, 206 F.3d 731, 735 (7th Cir. 2000). Further, the Bureau of Prisons, not the sentencing court, determines sentence credit under 18 U.S.C. § 3585(b). Prisoners dissatisfied with the BOP's determination may, after exhausting administrative remedies, seek judicial review under 28 U.S.C. § 2241, see Jake v. Herschberger, 173 F.3d 1059, 1063 (7th Cir. 1999), but such an action is not properly before me, see Rogers v. United States, 180 F.3d 349, 358 (1st Cir. 1999). Defendant states that the court has jurisdiction over his motion

pursuant to U.S.S.G. § 5G1.3(c),[1] but that guideline applies at the time of sentencing; it provides no authority to re-open a sentence imposed many years ago.[2]

**THEREFORE, IT IS ORDERED** that the motion (R. 2457) is **DISMISSED**.

Dated at Milwaukee, Wisconsin this 18th day of July, 2008.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

---

[1] Defendant also cites Rios v. Wiley, 201 F.3d 257 (3d Cir. 2000), superseded by statute as stated in United States v. Saintville, 218 F.3d 246 (3rd Cir. 2000), but that case involved judicial review under § 2241 of the BOP's refusal to honor the "credit" granted by the sentencing court. Defendant makes no argument that the BOP has failed to properly execute the sentence I imposed in his case. In any event, § 2241 motions are appropriately brought in the district of confinement rather than the sentencing court. See Garza v. Lappin, 253 F.3d 918, 921 (7th Cir. 2001). The other case defendant cites, United States v. Newby, 13 Fed. Appx. 324 (6th Cir. 2001), addressed U.S.S.G. § 5G1.3(c) but appears to have no other relevance to the instant motion.

[2] Even if I had jurisdiction, the motion would fail on the merits. "[A] prisoner in state custody who is subject to a writ of habeas corpus ad prosequendum based on a federal charge is not entitled to pretrial credit against his subsequent federal sentence because the time spent in pretrial custody was credited toward his existing state sentence. Permitting credit towards the federal sentence would result in double credit." Sinito v. Kindt, 954 F.2d 467, 470 (7th Cir. 1992) (collecting cases). In his motion, defendant blames his lawyer for the fact that this issue was not raised at the time of sentencing. Because no credit would properly have been awarded had counsel raised the issue, it makes no sense to convert this motion to one under 28 U.S.C. § 2255 alleging ineffective assistance, and I decline to do so.

2